ELLIS, Judge.
The plaintiff filed suit for $238 together with penalties and interest thereon from June 10, 1950 until paid and for attorney’s fees in the sum of $100, alleged to be due as unpaid wages for her services as a waitress in the restaurant and beer garden of the defendants, Jasper and Mary T. Griifin, d/b/a Mary Griffin’s Honey Drip-pie at 978 N. 37th Street, Baton Rouge, Louisiana.
Personal service was had upon the defendant, Mary T. Griffin, but as to Jasper Griffin there was domiciliary service, and the return by the city constable shows that he left a copy of the petition and citation “with Mary T. Griffin, wife of defendant, Jasper Griffin. * * The defendant, Mary T. Griffin, filed answer in which she denied the allegations of plaintiff’s petition, but no answer was filed on behalf of Jasper Griffin and, therefore, on September 6, 1950 or 19 days after domiciliary service had been made, the case came up on confirmation of default, and after evidence was heard which is in the record, judgment was rendered in favor of the plaintiff and against Jasper Griffin “in the full sum of Two Hundred Thirty Eight and no/100 ($238.00) Dollars, and judgment is further rendered in favor of plaintiff and against defendant, Jasper Griffin, for an amount equal to plaintiff’s full wages, that is at the rate of Seven and no/100 ($7.00) Dollars per week, from the time of plaintiff’s demand, June 9, 1950, until paid; and judgment is further rendered in favor of plaintiff and against defendant, Jasper Griffin, in the full sum of Fifty and no/100 ($50.00) Dollars as attorney’s fees, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.”
On the 23rd day of January, 1951, the plaintiff, through her attorney, by petition and order made the Esso Standard Oil Company of Baton Rouge, Louisiana, garnishee. In the petition for the garnishment the plaintiff alleged “that petitioner obtained a judgment in her favor against Jasper Griffin, also known as James Griffin. * * *■” Throughout the petition for the garnishment plaintiff refers to “Jasper Griffin, also known as James Griffin.”
On the 16th day of February, 1951, Jasper and Mary T. Griffin came into Court on a motion for a rule to show cause why the judgment obtained against Jasper Griffin on the 6th day of September, 1950 and the garnishment issued in this matter against James Griffin, directed to the Esso Standard Oil Company should not be declared to be null and void and of no effect in law. In this motion the plaintiff stated: “That after obtaining the judgment against a ficticious Jasper Griffin, plaintiff issued a garnishment against ‘James Griffin’. That respondent’s correct name is James Griffin; that he was known to his friends as James Griffin; that on the contrary plaintiff illegally and without notice issued a garnishment against him; *
On the rule plaintiff through her attorney filed an exception to the citation on the ground that service was not made on the defendant in rule but was made upon Neal M. Bagwell, counsel for plaintiff (Defendant in rule) contrary to the Louisiana Code of Practice, Article 610. Plaintiff also filed exception to the jurisdiction rations Personae and materiae, and an exception of no right and no cause of action. *285 The minutes show that “the court reserved ruling on the exceptions, whereupon testimony was taken and counsel given until Friday, February 23, 1951 to file a memorandum of authorities.”
On March 16, 1951 judgment was rendered on the merits with no ruling on the exceptions, whereby the Court “ordered that the said rule be made absolute and that, accordingly, a writ of garnishment herein written and directed to the Esso Standard Oil Company against the said ‘James Griffin’ be dissolved with costs; the right to sue for damages being hereby specially reserved to the said James Griffin.”
As the plaintiffs in rule prayed that the judgment be declared null, void and of no effect, and as the Court ordered the rule to be made absolute, we take this to be an annulment of the judgment. This portion of the judgment must be reversed for the reason that under Article 610 of our Code of Practice and the jurisprudence, “The party praying for the nullity of a judgment, before the court which has rendered the same, must present his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits.”
On the rule to set aside the garnishment as to James Griffin, the burden of proof is upon the plaintiffs in rule to show that James and Jasper Griffin are not one and the same person, and as the testimony which formed the basis of the judgment of the City Court in dissolving the garnishment is not in the record we hereby remand the case for the purpose of retrial of the rule to dissolve the garnishment.
It is therefore, ordered that the judgment of the City Court be reversed insofar as it annuls the judgment rendered in favor of Annie Lee Tenner and against Jasper and Mary T. Griffin, d/b/a Mary Griffin’s Honey Dripple, and that the judgment of the City Court wherein the writ of garnishment issued and directed to the Esso Standard Oil Company against the said James Griffin was dissolved also be reversed.
It is further ordered that the case be remanded to the city court for the purpose of retrial of the rule to dissolve the garnishment, the costs of this appeal to be paid by James Griffin.